IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-59-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RICKY FRANKS, | ) | |
| Defendant. | ) | |

Before the court is *pro se* Defendant's motion for return of property [DE 158] pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Defendant's one-page motion is limited to requesting the release of unspecified property "confiscated during [his] arrest and prosecution . . . ." to a third-party residing in Maryland. The Government opposes motion. [DE 159]. For the reasons discussed below, Defendant's motion is denied without prejudice.

I. BACKGROUND

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion are recited. This matter arises out of a bank robbery at PNC Bank on November 13, 2014. On February 19, 2015, the grand jury returned a four-count indictment against Defendant and his two co-defendants – Paris Cordava Williams and Robert Earl Mays – charging Defendant with bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a) (count 1), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count 2). While Defendant pled guilty – without the benefit of a written plea agreement – his two co-defendants went to trial.[1] During the trial, evidence presented by the Government

---

[1] On July 6, 2015, a jury found both Mays and Williams guilty of bank robbery and aiding and abetting and also found Williams guilty of felon in possession.

included shoes Defendant wore during the robbery and a cellular phone plastic screen protector[2] with a shoe impression possibly made by Defendant's shoes.[3]

On December 1, 2015, the court entered judgment, sentencing Defendant to 78 months' imprisonment.[4] [DE 144]. That same day, the Government filed a motion requesting the preliminary forfeiture of a 9mm Beretta 92F and any accompanying ammunition and $1,579.00 in US currency pursuant to Fed. R. Crim. P. 32.2. [DE 141]. The Government later withdrew its forfeiture motion. [DE 150]. Defendant did not appeal from his judgment and he has not filed a motion pursuant to 28 U.S.C. § 2255.[5]

## II. DISCUSSION

A "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). When an owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006) (quotation omitted), overruled on other grounds, *United States v. Lopez*, 562 F.3d 1309, 1311-13 (11th Cir. 2009); *accord United States v. Soza*, 599 F. App'x 69, 70 (4th Cir.

---

[2] *See* July 2, 2015 Trial Tr. 249:1-6 (testimony about Exhibit 83 by Detective Billy Junior Woodard); 275-77 (testimony about Exhibit 84 by Brian Joy, a special agent and forensic scientist with the North Carolina State Crime Laboratory) [DE 153].

[3] During the trial, Dana Jernigan – a former bank teller with PNC Bank – testified as a Government witness. July 1, 2015 Trial Tr. at 47-48 [DE 152]. Jernigan testified that during the robbery, one of two men who entered the bank vaulted over the teller counter and stepped directly on top of Jernigan's cell phone, which was resting on her work counter. *Id.* at 50:4-7; 54:3-7, 23-25; 55:6-9. Jernigan's cell phone included a screen protector. *Id.* at 55:6-9.

[4] On December 15, 2015, the court amended the judgment and reduced Defendant's term of supervised release on count four. [DE 146].

[5] While Defendant advises of no intent to collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255, Defendant remains within the purview of the applicable statute of limitations. *See* 28 U.S.C. § 2255(f) (providing the Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions, "running from the latest of" four specified dates).

2015) ("Rule 41 may be utilized to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case.") (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). "A Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Soza*, 599 F. App'x at 70.

Here, Defendant does not identify the property to which he is entitled. That said, the Government acknowledges the admission of Defendant's shoes into evidence. "The general rule is that seized property other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. Brant*, 684 F. Supp. 421, 423 (M.D.N.C. 1988) (internal quotations omitted). However, the Government provides no further information regarding the shoes. *See United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) ("A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show that it has a legitimate reason to retain the property.") (internal quotations omitted). Accordingly, the court lacks the necessary information to resolve the motion.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for return of property [DE 158] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

This the 20th day of May, 2016.

*[signature]*

JAMES C. FOX
Senior United States District Judge