IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-59-F-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RICKY FRANKS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is *pro se* Defendant's "Motion for Reconsideration of Order Denying Return of Property." [DE 165]. Defendant's motion is properly construed as a renewed motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1] The Government opposes the motion. [DE 168].

## I. DISCUSSION

In its May 20, 2016 Order ("May Order"), the court denied Defendant's initial request for return of property as it lacked the necessary information to resolve the motion, including the particular items sought.[2] [DE 163]. In the instant motion, Defendant identifies the property he seeks returned: a wallet, driver's license, cell phone, brown tweed jacket, brown tweed hat, brown buck skin shoes and blue jeans. The Government requests denial of the instant motion, without prejudice, until after either (1) the Fourth Circuit Court of Appeals rules on the appeals of co-defendants Paris Cordava Williams and Robert Earl Mays,[3] or (2) the expiration of the one-

---

[1] *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

[2] The relevant background is set forth in the May Order and will not be reiterated here.

[3] Mays and Williams appealed their judgments on October 9, 2015 and November 10, 2015, respectively. [DEs 109, 121].

year period for the filing of a motion pursuant to 28 U.S.C. § 2255 – i.e., December 29, 2016.[4]

While a "person aggrieved . . . by the deprivation of property may move for the property's return," FED. R. CRIM. P. 41(g), a court may deny the motion if, *inter alia*, "the government's need for the property as evidence continues." *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015). Here, the Government advises that it "would want the opportunity to use" the requested items if either Mays or Williams prevails on appeal. The Government advises further that the Federal Bureau of Investigation ("FBI") in the District of New Jersey "likely will want" any items seized from Defendant (among others), as these items are material to an ongoing bank robbery investigation in that district.[5] Accordingly, the court finds the Government has identified a continuing evidentiary need for the requested items.

The court takes this opportunity to address items that are apparently missing. According to Defendant, his wallet and cell phone were "taken by Detective Billy Junior Woodard [of the Wilson Police Department ("WPD")] and turned over" to an agent with the Federal Bureau of Investigation. The Government confirmed that Defendant's "personal clothing items"[6] and cell phone are in the custody of the WPD and the FBI, respectively. As for Defendant's license and wallet, however, the Government states only that the WPD "did not locate a license or wallet."

---

[4] Judgment was originally entered on December 1, 2015. [DE 144]. On December 15, 2015, the court amended it to correct Defendant's term of supervised release on count four. [DE 146]. Defendant did not appeal from his judgment; thus, it became final on December 29, 2015. *See* FED. R. APP. P. 4(b)(1)(A) (giving fourteen days to file a notice of appeal); *Clay v. United States*, 537 U.S. 522, 527 (2003). Accordingly, the statutory period during which Defendant can timely file a § 2255 motion ends on December 29, 2016. *See* 28 U.S.C. § 2255(f); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (stating where a defendant does not pursue a direct appeal to the court of appeals, "his conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired").

[5] The Government provides no details regarding the FBI's investigation.

[6] The court assumes "personal clothing items" includes Defendant's brown tweed jacket, brown tweed hat, brown buck skin shoes and blue jeans.

## II. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Defendant's Motion for Reconsideration of Order Denying Return of Property [DE 165] is DENIED WITHOUT PREJUDICE;

(2) The court will consider a renewed motion for return of property after the Fourth Circuit rules on the appeals of Defendant's co-defendants; and

(3) The Government shall file a Notice **no later than August 31, 2016**, advising as to (a) whether the seizure of Defendant's personal belongings included his license and wallet; and if so, whether these items are deemed lost, and (b) the status of the FBI investigation in the District of New Jersey.

SO ORDERED.

This the 21 day of July, 2016.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge