IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-59-3BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RICKY FRANKS | ) | |

This cause comes before the Court on defendant's *pro se* motion for return of property. The government has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, the motion is denied without prejudice in part.

## BACKGROUND

Defendant, Franks, after pleading guilty to one count of bank robbery and aiding and abetting and one count of felon in possession of a firearm, was sentenced by this Court, Fox, J. presiding,[1] to seventy-eight months' imprisonment. Franks did not appeal his conviction or sentence. Franks' co-defendants Robert Earl Mays and Paris Cordava both were found guilty by a jury of similar crimes and were sentenced to 125 months' and 108 month' imprisonment, respectively. Both Mays and Cordava appealed their convictions and sentences, and the judgment of this Court was affirmed by the court of appeals on February 10, 2017.

On April 13, 2016, Franks filed a motion for return of property that was confiscated during his arrest. This Court denied without prejudice Franks' motion, citing the lack of necessary information to resolve the motion. On July 21, 2016, the Court denied Franks' motion for reconsideration without prejudice, construing it as a renewed motion for return of property. In the renewed motion, Frank sought return of his wallet and driver's license, cell phone, brown tweed

---

[1] Judge Fox presided over this matter prior to its reassignment to the undersigned on June 2, 2017.

suit jacket, brown tweed hat, brown buckskin shoes, and blue jean pants. The Court held that it would consider a renewed request from Franks after the Fourth Circuit had ruled on the appeals of Franks' co-defendants, and further noted an FBI investigation in the District of New Jersey which might require some of the property seized from Franks. On August 5, 2016, the Court denied a subsequent motion to reconsider filed by Franks.

On May 30, 2017, Franks filed the instant motion for return of property. Franks again seeks return of his wallet, driver's license, cell phone, brown tweed jacket and hat, brown buckskin shoes, and blue jean pants. The government indicates that it intends to retain Franks' jacket, shoes, and cell phone until the time for Franks' co-defendants to file post-conviction motions has passed. The government further indicates that the Wilson Police Department has determined that it did not recover from Franks a wallet or a driver's license and that the FBI office additionally states that it has none of the items requested in its custody.

## DISCUSSION

As the Court has previously discussed, Fed. R. Crim. P. 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A Rule 41 motion for return of property is governed by equitable principles. *United States v. Grover*, 119 F.3d 850, 851 (10th Cir. 1997). If "the government's need for the property as evidence continues," the motion for return of property may be denied. *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015). The government has made the necessary showing that its need to retain Franks' jacket, shoes, and cell phone remains until the time for Franks' co-defendants to contest their convictions passes. The government has further sufficiently proffered that Franks' wallet and cell phone are not in the custody of the Wilson Police Department or the FBI.

2

## CONCLUSION

For these reasons, Franks' motion for return of property is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. The government is ORDERED to return to Franks by and though his agent Mr. Lawrence Thompson at the address provided at DE 192 Franks' brown tweed hat and blue jean pants if the government possesses those items. The government may retain possession of Franks' jacket, shoes, and cell phone until the time for filing post-conviction motions in May's and Cordava's cases has passed or those motions have been decided. To the extent that the government claims neither it nor its agents possess Franks' wallet and driver's license, the Court is without the power to order their return.

SO ORDERED, this __2__ day of October, 2017.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE