IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-59-3-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICKY FRANKS | ) | |

This matter is before the Court defendant's *pro se* motion to correct sentence. The government has responded in opposition, and the motion is ripe for ruling.

## BACKGROUND

Mr. Franks is currently serving a sentence of seventy-eight months' imprisonment after pleading guilty to bank robbery and aiding and abetting, 18 U.S.C. §§ 2113(a) and 2, and being a felon in possession of a firearm. 18 U.S.C. §§ 922(g) and 924. [DE 147].[1] Mr. Franks filed the instant motion seeking credit against his federal sentence of approximately twelve months during which Mr. Franks asserts he was in custody awaiting sentencing.

## DISCUSSION

The Court must begin by properly characterizing this motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Further, this motion cannot be construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See*

---

[1] Although defendant's sentence was imposed by Judge Fox, this matter was reassigned to the undersigned on June 2, 2017.

Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). Because this Court does not perceive any clerical errors in defendant's sentence, and defendant does not argue that a clerical error exists, Rule 36 has no application here.

Therefore, this motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, which is the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 53 (1995). A § 2241 must be filed in the district that has *in personam* jurisdiction over the petitioner or his custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (great writ issuable only in district of confinement); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); *United States v. Massingale*, 801 F.2d 395 (4th Cir. 1986) (unpublished). When Mr. Franks filed this motion, it appears he was, and continues to be, incarcerated at the Federal Correctional Complex at Petersburg, Virginia. [DE 195-1]; https://www.bop.gov/inmateloc/; *see United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (per curiam) (unpublished) ("Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction."); *see also Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). FCC Petersburg is located within the Eastern District of Virginia, not the Eastern District of North Carolina, and thus this Court lacks jurisdiction to consider a petition under § 2241 by Mr. Franks.

## CONCLUSION

For the foregoing reasons, defendant's motion to correct sentence [DE 195] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this 9 day of February, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE